ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
EVAN J. DAVIS (Cal. State Bar No.: 250484)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4850
    Facsimile: (213) 894-6269
    E-mail: evan.davis@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA


                    UNITED STATES DISTRICT COURT

               FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,        ) CR No. 10-1023-SVW
                                 )
                Plaintiff,       ) <u>PLEA AGREEMENT FOR DEFENDANT</u>
                                 ) <u>DARWIN BOWMAN</u>
          v.                     )
                                 )
DARWIN BOWMAN                    )
     aka "Darwin Bowman, Jr.,"  )
                                 )
          Defendant.            )
_____ )


     1.   This constitutes the plea agreement between DARWIN

BOWMAN, also known as Darwin Bowman, Jr. ("defendant"), and the

United States Attorney's Office for the Central District of

California ("the USAO") in the above-captioned case.  This

agreement is limited to the USAO and cannot bind any other

federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Darwin Bowman</u>, CR No. 10-1023-SVW.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

h) Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

2

1                          THE USAO'S OBLIGATIONS

2       3.   The USAO agrees to:

3            a) Not contest facts agreed to in this agreement.

4            b) Abide by all agreements regarding sentencing factors

5  contained in this agreement.

6            c) At the time of sentencing, provided that defendant

7  demonstrates an acceptance of responsibility for the offenses up

8  to and including the time of sentencing, recommend a two-level

9  reduction in the applicable Sentencing Guidelines offense level,

10 pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,

11 move for an additional one-level reduction if available under

12 that section.

13           d) Except for criminal tax violations (including

14 conspiracy to commit such violations chargeable under 18 U.S.C.

15 § 371), not further criminally prosecute defendant for violations

16 of 18 U.S.C. §§ 157, 371, 1341, 1343, 1344, and 1957 arising out

17 of defendant's conduct described in the agreed-to factual basis

18 set forth in paragraph 10 below.  Defendant understands that the

19 USAO is free to criminally prosecute defendant for any other

20 unlawful past conduct or any unlawful conduct that occurs after

21 the date of this agreement.  Defendant agrees that at the time of

22 sentencing the Court may consider the uncharged conduct in

23 determining the applicable Sentencing Guidelines range, the

24 propriety and extent of any departure from that range, and the

25 sentence to be imposed after consideration of the Sentencing

26 Guidelines and all other relevant factors under 18 U.S.C.

27 § 3553(a).

28

                                  3

1        e) Recommend that defendant be sentenced to a term of
2  imprisonment no higher than the low end of the applicable
3  Sentencing Guidelines range, provided that the offense level used
4  by the Court to determine that range is 23 or higher.  For
5  purposes of this agreement, the low end of the Sentencing
6  Guidelines range is that defined by the Sentencing Table in
7  U.S.S.G. Chapter 5, Part A.

8                    NATURE OF THE OFFENSES

9     4.  Defendant understands that for defendant to be guilty of
10  the crime charged in count(violation of Title 18, United States
11  Code, Sections 157(1), 2), the following must be true: (1)
12  defendant devised or intended to devise a scheme or plan to
13  defraud; (2) defendant acted with the intent to defraud;
14  (3) defendant's act was material; and (4) defendant filed,
15  willfully caused to be filed, or aided and abetted the filing of
16  a petition under a Title 11 bankruptcy proceeding to carry out or
17  attempt to carry out an essential part of the scheme.  Defendant
18  admits that defendant is, in fact, guilty of this offense as
19  described in count one of the indictment.

20                PENALTIES AND RESTITUTION

21     5.  Defendant understands that the statutory maximum
22  sentence that the Court can impose for a violation of Title 18,
23  United States Code, Section 157(1), is: five years imprisonment;
24  a three-year period of supervised release; a fine of $250,000 or
25  twice the gross gain or gross loss resulting from the offense,
26  whichever is greatest; and a mandatory special assessment of
27  $100.

28

6.   Defendant understands that defendant will be required to pay full restitution to the victims of the offense.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the count to which defendant is pleading guilty and may include losses arising from charges not prosecuted and counts dismissed pursuant to this agreement as well as all relevant conduct in connection with those charges.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but

1  not limited to revocation of probation, parole, or supervised

2  release in another case and suspension or revocation of a

3  professional license.  Defendant understands that unanticipated

4  collateral consequences will not serve as grounds to withdraw

5  defendant's guilty plea.

6      9.    Defendant understands that, if defendant is not a

7  United States citizen, the felony conviction in this case may

8  subject defendant to removal, also known as deportation, which

9  may, under some circumstances, be mandatory.  The Court cannot,

10 and defendant's attorney also may not be able to, advise

11 defendant fully regarding the immigration consequences of the

12 felony conviction in this case.  Defendant understands that by

13 entering a guilty plea defendant waives any claim that unexpected

14 immigration consequences may render defendant's guilty plea

15 invalid.

16                        FACTUAL BASIS

17     10.   Defendant and the USAO agree to the statement of facts

18 provided below.  Defendant and the USAO agree that this statement

19 of facts is sufficient to support a plea of guilty to the charge

20 described in this agreement and to establish the Sentencing

21 Guidelines factors set forth in paragraph 12 below, but is not

22 meant to be a complete recitation of all facts relevant to the

23 underlying criminal conduct or all facts known to either party

24 that relate to that conduct.

25          a.    In 2007, defendant Darwin Bowman was a notary

26          public who provided notary services to Irving Cohen

27          ("Cohen") regarding what Cohen described to defendant

28          as a foreclosure-delay service.  Unbeknownst to

                               6

defendant when he started working with Cohen, the foreclosure-delay service was in fact a fraudulent scheme that worked by: (a) Cohen or another person filing bankruptcy petitions in fictitious persons' names to create a bankruptcy stay; (b) having clients record a deed granting the fictitious person a fractional-interest (1/8th interest) in the clients' properties that were nearing a foreclosure sale; and (c) faxing the bankruptcy petitions and fractional-interest deeds to the clients' lenders or trustees to stop the pending trustee's foreclosure sale.  Defendant initially believed that the bankruptcies were filed in the names of real persons.

　　　　b.   Defendant began helping Cohen run the foreclosure-delay service in 2007, primarily handling computer program and record-keeping issues.  In approximately August 2008, Cohen reported to jail to serve an eight-month sentence for a fraud conviction in Los Angeles County Superior Court.  In or before June 2008, shortly before Cohen reported to jail, Cohen asked defendant to continue running the foreclosure-delay program in Cohen's absence.  At the same time, Cohen told defendant that the program was based on using bankruptcy petitions filed in the names of fictitious persons and deed transfers to the same fictitious persons.  Despite learning that the foreclosure-delay program involved deceiving lenders and trustees into believing that the bankruptcies and

deed transfers involved real persons, thereby deceiving
lenders and trustees into thinking that they should
honor the automatic stay generated by the bankruptcies,
defendant continued to run the scheme during Cohen's
incarceration in 2008 and 2009.  While Cohen was
incarcerated, defendant recruited salespersons,
obtained clients, directed co-schemer Robin Phillips
("Phillips") to file bankruptcy petitions in fictitious
names, and faxed petitions and fractional-interest
deeds to trustees to halt pending trustee foreclosure
sales.

          c.   When Cohen was released from custody in 2009,
Cohen rejoined defendant in running the foreclosure-
delay scheme as before.  When Cohen rejoined the
scheme, Bowman resumed his duties of primarily handling
computer programs associated with the business and with
record-keeping and corresponding with lenders and
trustees.  Defendant's conduct in running the computer
programs and handling recordkeeping and correspondence
assisted the business in continuing the foreclosure-
delay scheme.  Despite knowing that the business was
fraudulent, defendant remained involved in the
foreclosure-delay scheme together until July 28, 2010,
the date on which Federal Bureau of Investigation
agents executed search warrants on defendant's and
Cohen's residences and seized files and computers.

          e.   From approximately June 8, 2008, through
approximately July 28, 2010, defendant and his

co-schemers delayed the foreclosure sales of approximately 450 properties for periods ranging between one month and two years.  These delays caused lenders to lose interest payments on mortgage loans totaling approximately $200 million that would otherwise have been partially or entirely satisfied through the foreclosure sales.  During that same period, defendant and Cohen collected approximately $370,650 from clients in monthly fees paid for illegal foreclosure-delay services, 1/3 of which was retained by producers.

f.   On or about May 6, 2009, in accordance with defendant's directions, Phillips filed a false Voluntary Bankruptcy Petition in the name of Marcus Lamont Collins, a fictitious person, bearing case No. 6:09-19443 (filed in the U.S. Bankruptcy Court, Central District of California), under Title 11 of the U.S. Code.  Defendant knew that the filing was in the name of a fictitious person and he used it with the intent to delay foreclosure sales on clients' properties.

g.   On or about May 27, 2009, Cohen sent a facsimile to NDEX West, LLC, which included: the Collins Bankruptcy Petition; a fractional-interest deed from D.W. to Marcus Lamont Collins; and NDEX West's own Notice of Trustee's Sale for D.W.'s property.  Chase Home Finance, LLC was D.W.'s lender.

h.   As a result of the May 27, 2009, fax, NDEX West canceled the scheduled foreclosure trustee's sale

1   and waited to reschedule the sale until after the

2   bankruptcy stay was no longer in effect as to D.W.'s

3   property.  The total delay effected on the foreclosure

4   sale of this real property by this scheme was

5   approximately five months.

6                         SENTENCING FACTORS

7       11.  Defendant understands that in determining defendant's

8   sentence the Court is required to consider the factors set forth

9   in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence

10  and sentencing range established under the Sentencing Guidelines.

11  Defendant understands that the Sentencing Guidelines are advisory

12  only, that defendant cannot have any expectation of receiving a

13  sentence within the Sentencing Guidelines range, and that after

14  considering the Sentencing Guidelines and the other § 3553(a)

15  factors, the Court will be free to exercise its discretion to

16  impose any sentence it finds appropriate up to the maximum set by

17  statute for the crime of conviction.

18      12.  Defendant and the USAO agree to the following

19  applicable Sentencing Guidelines factors:

20      Base Offense Level          6   [U.S.S.G. § 2B1.1(a)(2)]

21      Specific Offense Characteristics

22      Loss (more than $200,000)  +12 [U.S.S.G. § 2B1.1(b)(1)(G)]

23      Victims (more than 50)     +4  [U.S.S.G. § 2B1.1(b)(2)(B)]

24      Bankruptcy involved        +2 [U.S.S.G. § 2B1.1(b)(8)]

25      Adjustments

26      Role                       +2 [U.S.S.G. § 3B1.1]

27      Adjusted Offense Level     26

28

1 Defendant and the USAO waive the right to argue that additional

2 specific offense characteristics, adjustments, and departures

3 under the Sentencing Guidelines are appropriate.

4     13.   Defendant understands that there is no agreement as to

5 defendant's criminal history or criminal history category.

6     14.   Defendant and the USAO reserve the right to argue for a

7 sentence outside the sentencing range established by the

8 Sentencing Guidelines based on the factors set forth in 18 U.S.C.

9 § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

10 <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

11     15.   Defendant understands that by pleading guilty,

12 defendant gives up the following rights:

13         a) The right to persist in a plea of not guilty.

14         b) The right to a speedy and public trial by jury.

15         c) The right to the assistance of an attorney at trial,

16 including the right to have the Court appoint an attorney to

17 represent defendant at trial.  Defendant understands, however,

18 that, despite defendant's guilty plea, defendant retains the

19 right to be represented by an attorney -- and, if necessary, to

20 have the Court appoint an attorney if defendant cannot afford one

21 -- at every other stage of the proceeding.

22         d) The right to be presumed innocent and to have the

23 burden of proof placed on the government to prove defendant

24 guilty beyond a reasonable doubt.

25         e) The right to confront and cross-examine witnesses

26 against defendant.

27

28

f) The right to testify on defendant's own behalf and present evidence in opposition to the charge, including calling witnesses and subpoenaing those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction of no more than 57 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318,

1  01-05, and/or 05-02 of this Court; and the drug testing

2  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

3        18.   The USAO agrees that, provided (a) all portions of the

4  sentence are at or below the statutory maximum specified above

5  and (b) the Court imposes a term of imprisonment of no less than

6  46 months the USAO gives up its right to appeal any portion of

7  the sentence, with the exception that the USAO reserves the right

8  to appeal the amount of restitution ordered.

9                 RESULT OF WITHDRAWAL OF GUILTY PLEA

10       19.   Defendant agrees that if, after entering a guilty plea

11 pursuant to this agreement, defendant seeks to withdraw and

12 succeeds in withdrawing defendant's guilty plea on any basis

13 other than a claim and finding that entry into this plea

14 agreement was involuntary, then (a) the USAO will be relieved of

15 all of its obligations under this agreement; and (b) should the

16 USAO choose to pursue any charge that was either dismissed or not

17 filed as a result of this agreement, then (i) any applicable

18 statute of limitations will be tolled between the date of

19 defendant's signing of this agreement and the filing commencing

20 any such action; and (ii) defendant waives and gives up all

21 defenses based on the statute of limitations, any claim of pre-

22 indictment delay, or any speedy trial claim with respect to any

23 such action, except to the extent that such defenses existed as

24 of the date of defendant's signing this agreement.

25                 EFFECTIVE DATE OF AGREEMENT

26       20.   This agreement is effective upon signature and

27 execution of all required certifications by defendant,

28 defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1        c) Defendant agrees that: (i) any statements made by

2   defendant, under oath, at the guilty plea hearing (if such a

3   hearing occurred prior to the breach); (ii) the agreed to factual

4   basis statement in this agreement; and (iii) any evidence derived

5   from such statements, shall be admissible against defendant in

6   any such action against defendant, and defendant waives and gives

7   up any claim under the United States Constitution, any statute,

8   Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

9   Federal Rules of Criminal Procedure, or any other federal rule,

10  that the statements or any evidence derived from the statements

11  should be suppressed or are inadmissible.

12              COURT AND PROBATION OFFICE NOT PARTIES

13       23.  Defendant understands that the Court and the United

14  States Probation Office are not parties to this agreement and

15  need not accept any of the USAO's sentencing recommendations or

16  the parties' agreements to facts or sentencing factors.

17       24.  Defendant understands that both defendant and the USAO

18  are free to: (a) supplement the facts by supplying relevant

19  information to the United States Probation Office and the Court,

20  (b) correct any and all factual misstatements relating to the

21  Court's Sentencing Guidelines calculations, and (c) argue on

22  appeal and collateral review that the Court's Sentencing

23  Guidelines calculations are not error, although each party agrees

24  to maintain its view that the calculations in paragraph 12 are

25  consistent with the facts of this case.  While this paragraph

26  permits both the USAO and defendant to submit full and complete

27  factual information to the United States Probation Office and the

28  Court, even if that factual information may be viewed as

inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE

16

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney


_____          2/18/11
EVAN J. DAVIS                             Date
Assistant United States Attorney


_____          2/18/11
DARWIN BOWMAN                             Date
Defendant


_____          2/18/11
RICHARD GOLDMAN, DFPD                     Date
Attorney for Defendant
Darwin Bowman

17

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
DARWIN BOWMAN                             Date
Defendant

18

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Darwin Bowman's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          2/18/11
RICHARD GOLDMAN, DFPD                     Date
Attorney for Defendant
Darwin Bowman